UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| G.I.T.Y. (GROK IS THAT YOU), <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, et al., <br><br> Defendants. | Case No. 2:25-CV-349-GSL-APR |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Andrew Rodovich's Report and Recommendation [DE 27], entered on October 7, 2025. For the reasons more fully explained in the Report, Judge Rodovich recommends that the District Court dismiss Plaintiff's suit in its entirety for Plaintiff's failure to retain counsel despite being an artificial entity. Having reviewed both Judge Rodovich's Report and Recommendation and the related objections, the Court **ADOPTS** the Report and Recommendation [DE 27] in its entirety and **DISMISSES** this case.

## DISCUSSION

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *United States v. Jones*, 22 F.4th 667, 679 (7th Cir. 2022); *see Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). A district court judge may fulfill this obligation simply by "inform[ing] [this court] that [she] has conducted a *de novo* review."

*Jones*, 22 F.4th at 679 (citing *Pinkston v. Madry*, 440 F.3d 879, 894 (7th Cir. 2006)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739. Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, Plaintiff filed its "Motion to Vacate Improper Order" [DE 28] on October 15, 2025, which the Court interprets as an objection to the Report and thus subject to *de novo* review. Plaintiff raises a string of incomplete arguments directed toward a variety of issues unrelated to the Report. Its sole relevant argument continues to be that Plaintiff may proceed pro se through the use of artificial intelligence as legal counsel. [*Id.* at 1, 3]. However, upon conducting a *de novo* review of the issue, this argument fails for two reasons.

First, Plaintiff is an artificial entity, and thus can only appear in federal court through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993). To the Court's awareness, artificial intelligence—by itself—is not licensed counsel, either here in the State of Indiana or elsewhere. Further, any use of artificial intelligence must still be accompanied by the independent review of licensed counsel. *See, e.g.*, *Mid Cent. Operating Eng'rs Health and Welfare Fund v. HoosierVac LLC*, 2025 WL 574234, at *7 (S.D. Ind. Feb 21, 2025) (emphasis added) ("[T]he use of artificial intelligence must be accompanied by the application of *actual intelligence* in its execution."); *In re Martin*, 670 B.R. 636, 648 (Bankr. N.D. Ill. 2025) (same); *Willis v. U.S. Bank Nat'l Assoc. as Tr., Igloo Series Tr.*, 783 F. Sup. 3d 959, 962 (N.D. Tex. 2025) (same). And second, Judge Rodovich has already addressed Plaintiff's argument in several prior orders, each of which notified Plaintiff that failure to obtain legal counsel would result in the dismissal of its suit. [*See* DE 15; DE 21; DE 26]. Finally, while

this appears to be the only issue at hand in the Report, the Court is otherwise persuaded by Judge Rodovich's analysis and finds no clear error in any non-objected to portion of the Report.

## **CONCLUSION**

Having reviewed both Judge Rodovich's Report and Recommendation and the related objections, the Court **ADOPTS** the Report and Recommendation [DE 27] in its entirety and **DISMISSES** this case.

SO ORDERED.

ENTERED: November 24, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court